UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMEL SMITH, | ) | Case No. 5:03 CV 2253 |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Jamel Smith (hereinafter Smith) was convicted on April 29, 2002, following his guilty pleas, and was sentenced to five years for the possession of cocaine and failure to comply with order of a police officer. The underlying facts leading to the charges briefly summarized were that:

> On March 7, 2002, appellant was stopped while driving a motor vehicle with fictitious license plates. Canton police officers determined that appellant had an expired operator's license during the course of the stop. Appellant was asked to exit the vehicle. Instead of complying, appellant fled in the vehicle at a high rate of speed, eventually crashing into a residence. Appellant fled from the scene, and was apprehended by police, who found cocaine in his possession.

*State v. Smith*, 2003 WL 21101263, 2003 - Ohio - 2494 (Ohio App. 5 Dist.).

This habeas corpus petition filed *pro se* under 28 U.S.C. §2254 is based on the alleged ineffective assistance of trial counsel.[1] The federal petition followed Smith's civil rights complaints against the Canton Chief of Police (See *Smith v. Wyatt*, 2004 WL 1486649, 2004 - Ohio - 3530 (Ohio App. 5

---

[1] Smith accompanied his petition with the affidavits and briefing he had presented to the state courts with his second state post-conviction petition. Smith claims that trial counsel failed to take notes and failed to interview witness, failed to move for preliminary hearing, failed to move for suppression of evidence, failed to obtain videotapes from the police vehicles, failed to acquire police or accident reports, and failed to obtain the hospital records from Smith's injury (Petition pg. 8-11, ECF #1). In his traverse Smith claims that his efforts to prosecute his claims were hampered by his *pro se* status. (Traverse ECF #15).

5:03 CV 2253                                              2

Dist.)), and against the Stark County Sheriff (See *Smith v. Swanson,* 2004 WL 1157433, 2004 - Ohio - 2652 (Ohio App. 5th Dist.), in which Smith raised arguments related to those in his federal petition.[2]

Aside from filing suit against law enforcement personnel that were involved in his apprehension and his jailers, Smith sought to overturn his state cocaine convictions claiming ineffective assistance of trial counsel. His efforts in state court were unsuccessful and now Respondent maintains that federal collateral review of Smith's argument that he received ineffective assistance of trial counsel, is procedurally barred due to Smith's failure to "fairly present" his argument to the state's highest court. Respondent also claims that Smith has exhausted his state remedies on this issue. Respondent is correct on both points.

*First post-conviction petition defaulted.*

Smith did not take a timely direct appeal following sentencing. Rather he filed two state petitions for post-conviction relief under Ohio Rev. Code §2953.21, claiming that he had received ineffective assistance of trial counsel. His first post-conviction petition filed on July 25, 2002 was summarily denied and Smith did not appeal. *Id.*, 2003 WL 21101263 ¶6 and see Answer, Ex. 17-18, ECF #14.

---

[2] In the suit against the City of Canton Smith contended his Fourth Amendment rights were violated in the discovery of the cocaine used to convict him; and in the case against the Sheriff, Smith challenged the adequacy of the prison legal materials. The state court ruled in the latter case that Smith had adequate access to legal materials because he was represented by counsel.

5:03 CV 2253                                              3

Ohio courts adhere to a rule requiring claims of ineffective assistance of trial counsel to be raised in most instances on direct review. See *Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004); *Greer v. Mitchell*, 264 F.3d 663, 674 (6th Cir. 2001); *Lorraine v. Coyle*, 291 F.3d 416, (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); and see *State v. Cole*, 2 Ohio St.3d. 112, 443 N.E.2d 169 (1982); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (addressing Ohio's *res judicata* rule). There are two major exceptions where a state post-conviction petition is the proper vehicle for the claim of ineffective assistance of counsel. The first exception occurs when the same counsel represents defendant both at trial and direct appeal because it is presumed that trial counsel will not claim ineffective representation. See *Buell v. Mitchell*, 274 F.3d 337, 448 n. 3 (6th Cir. 2001); *Combs*, 205 F.3d at 276-77. The second exception, which applies in this case, occurs where allegations of ineffective counsel were based on facts not appearing in the record. See *State v. Cooperrider*, 4 Ohio St.3d 226, 448 N.E.2d 452 (1983). Accordingly, Smith did select the correct vehicle to present his claim of ineffective assistance of counsel based on matters outside the record.

However, after the trial court denied Smith's first petition for post-conviction relief, Smith did not appeal this argument further and did not raise it ultimately to the Ohio Supreme Court. Post-conviction proceedings under Ohio Rev. Code §2953.21 are deemed to be civil in nature and Ohio Civil Rules apply. See *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984); *State v. Milanovich*, 42 Ohio St.2d 486, 489, 325 N.E.2d 540, 71 O.O.2d 21 (1975). Consequently, delayed appeal under Ohio App. Rule 5(A) for a §2953.21 petition is unavailable because delayed appeal exists only for criminal matters. *Id.* As a result, Smith's claim of ineffective assistance of trial

5:03 CV 2253                                                    4

counsel was presented to the state trial court, resolved against him, no timely appeal was taken, and no delayed appeal can be taken to present this argument to the Ohio Supreme Court.

*Second State Post-Conviction Petition:*

On October 10, 2002 Smith filed his second post-conviction petition also raising ineffective assistance of trial counsel. The trial court again summarily dismissed the petition. (*Id.* ¶7, Answer Ex. 19-21). However, this time Smith did appeal but the state appellate court found that Smith had failed to demonstrate that he satisfied any of the narrow conditions allowing for successive post-conviction petitions under Ohio Rev. Code §2953.23(A). *Id.* ¶8-11. Smith's efforts to appeal the denial to the Ohio Supreme Court were unsuccessful. See *State v. Smith*, 100 Ohio St.3d 1410, 796 N.E.2d 538, 2003 - Ohio - 4948 (Table 2003).

Ohio Rev. Code §2953.23(A) restricts the applicant's ability to file a second or successive petition to several clearly delineated circumstances, *i.e.*, unavoidable prevention of the discovery of the facts to support the claims; a new federal or state right that retroactively applies; plus "clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense. . ." (§2953.23(A)(1)(a) and (b)). Smith could not establish prevention of discovery of the facts given the situation where he had earlier filed a post-conviction petition raising essentially the same claim. See *Smith*, 2003 WL 21101263 ¶¶8-14. As a result, the state court never reached the merits of the argument Smith was attempting to raise, that he had been deprived of effective assistance of trial counsel. The only decision made by the state courts was that Smith was not entitled to bring a second or successive state post-conviction petition.

5:03 CV 2253                                                5

*Delayed Appeal Under Ohio App. R. 5(A):*

On October 15, 2002, Smith moved for leave to file a delayed appeal under Ohio App. Rule 5(A), but this request was denied initially and on reconsideration by the state appellate court(Answer Ex. 7-12, ECF #14).  This was Smith's final effort to raise a claim of ineffective assistance of trial counsel.  On appeal to the Ohio Supreme Court Smith's arguments, paraphrased for clarity,  were: (1) court of appeals erred when it refused to accept delayed appeal;  (2) trial court erred under Ohio Rev. Code §2929.14 when it imposed more than a minimum sentence; and (3) Smith was denied his Sixth Amendment  right to effective assistance of trial counsel by counsel's failure to question witnesses and misleading Smith to plead guilty (Answer Ex. 14 pg. i).  The Fifth District Court of Appeals, whose decision provides the reason for denial, stated  that Smith's motion for delayed appeal was denied for "failure to comply with App. R. 5" (Answer Ex. 9).  Apparently some pages were missing from the motion and Smith attempted to rectify the deficiency with a motion to file *instanter* which he further addressed in his motion for reconsideration (Answer Ex. 10-12).

Generally App. R. 5(A) motions must set forth "the reasons for failure of the appellant to perfect an appeal as a right" and the Ohio Appellate Court rules on this primary issue.  However, Smith's motion was denied on the alternate basis of failure to comply with filing requirements.  There is nothing in the text of App. R. 5(A) to prevent Smith from moving once again for delayed appeal.  It would appear that Smith could return to the state courts to repeat his motion for delayed appeal.[3]  However, this undertaking would be futile due to Ohio's *res judicata* principles and also

---

[3] Further, Ohio law is unsettled when it comes to the effect of prior dismissals of motions for delayed appeal on the basis of their *untimeliness*.  Ohio's 10th District applies *res judicata* principles to any subsequent motion for delayed appeal.  See *State v. Ellis*, 205 WL 3047431, 2005 - Ohio - 6059 (Ohio App. 10th Dist.).  However, Ohio's 11th

5:03 CV 2253                                             6

an appeal is an inappropriate vehicle for Smith's arguments based on evidence outside the record. This is the situation covered by 28 U.S.C. §2254(b)(1)(B)(i) when there is either an absence of available state corrective process or under subpart (B)(ii) when circumstances exist that render such process ineffective to protect the rights of the applicant.

First, with respect to state *res judicata* principles, Smith litigated the issue of trial counsel's ineffectiveness in his first state post-conviction petition and attempted to do so again when he failed a second state post-conviction petition. "*Res judicata* is applicable to all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233, 1996 - Ohio - 337 (1996).

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense of any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment. (emphasis, *sic*).

*Id.*, 77 Ohio St.3d at 95, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, 39 O.O.2d 189 (1967) (¶9 of syllabus). Consequently, the unappealed ruling from the first post-conviction petition is *res judicata* under state legal principles and since delayed appeal is unavailable, that first ruling would stand in any subsequent appeal.

Second, Smith's arguments rest on evidence in *dehors* the record. A direct or delayed appeal is based on the transcript of the record or one of the approved transcript substitutes identified

---

District has not applied *res judicata* principles to a second App. R. 5(A) motion for delayed appeal. Compare *State v. Davis*, 2006 WL 847108, 2006 - Ohio - 1677 (Ohio App. 11th Dist.).

5:03 CV 2253                                        7

in Ohio App. R. 9. See *Merillat v. Fulton Cty. Bd. of Commrs.*, 73 Ohio App.3d 459, 597 N.E.2d 1124 (1991); *McAuley v. Smith*, 82 Ohio St.3d 393, 396, 696 N.E.2d 572 (1998); *Paulin v. Midland Mut. Life Ins. Co.*, 37 Ohio St.2d 109, 112, 307 N.E.2d 908 (1974). When allegations of trial counsel's ineffectiveness are based on the evidence outside the record, then the arguments must be raised as a post-conviction matter under Ohio Rev. Code §2953.21. See *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d. 169 (1982); *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983); *State v. Jackson*, 64 Ohio St.2d 107, 111-12, 413 N.E.2d 819 (1980) ("the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness"); *State v. Calhoun*, 86 Ohio St.3d 279, 282-83, 714 N.E.2d 905, 1999 - Ohio - 102 (1999). An appeal, either timely or delayed, based on the record would be an inadequate vehicle for Smith's ground. Any effort to pursue this remedy is futile.

*Procedural Default:*

As a result of Smith's foregoing efforts in the state courts, a peculiar type of procedural default arises where there has been no "fair presentation" of the ground to the state's highest court. The substance of the federal claims submitted for habeas corpus review must be "fairly presented" to the state's highest court because only in this manner will the state courts have been provided with a fair opportunity to pass upon and correct alleged violations of federal rights. See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 888, 130

5:03 CV 2253                                             8

L.Ed.2d 865, 868 (1995); *Baldwin v.Reese*, 541 U.S. 27, 32-34, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Failure to fairly present the federal ground to the state's highest court constitutes a procedural default or waiver barring federal habeas corpus review. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S.Ct. 1728, 1732-34, 144 L.Ed.2d 1 (1999)( "...the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," but unpresented claims were waived); *Teague v. Lane*, 489 U.S. 288, 297-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (14th amendment equal protection claim forfeited following exhaustion of state remedies and failure to raise claim to state courts); and see *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 2546 (1991). The fair presentation principle further applies not only to those situations where the petitioner has failed to raise his claim to the state's highest court for review, but also where it has been presented, "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000). Smith's attempts to raise his ineffective assistance of counsel claim in his second state post-conviction relief petition and by way of a delayed appeal are examples of situations where the state courts were unable to adjudicate this ground due to state procedural rules. The failure to present the federal ground to the state's highest court provided an adequate and independent state procedural rule to bar habeas review. See *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied* - U.S. -, 126 S.Ct. 355, 163 L.Ed.2d 63 (2005); and see *State v. Phillips*, 27 Ohio

5:03 CV 2253                                                    9

St.2d 294, 302, 272 N.E.2d 347(1971)("It is an established rule of long standing in this state that a constitutional question, either in a civil or criminal action, can not be raised in the Supreme Court unless it was presented and urged in the courts below[,] . . . the Supreme Court will not consider or determine claimed errors which were not raised and preserved in the Court of Appeals.").

Consequently, without demonstration of "cause" and "prejudice" to excuse the failure to present a constitutional claim to the state's highest court, or alternatively a fundamental miscarriage of justice -- federal review is barred. See *Edwards v. Carpenter*, 529 U.S. at 451-52, 102 S.Ct. at 1590-92; *House v. Bell*, -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971). "Cause" is some "objective facts external to the defense" which impeded petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 492, 106 S.Ct. 2635, 2645-48, 91 L.Ed.2d 397 (1986). "Prejudice" must be "actual prejudice" as a result of the alleged violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 2546 (1991); *Bousley v. U.S.*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Murray* v. *Carrier*, 477 U.S. at 489, 106 S.Ct. at 2646. Cause and prejudice are in the conjunctive and the failure to show cause terminates this analysis. See *Murray*, 477 U.S. at 497. Smith argues that there is cause to excuse the procedural default and actual innocence, which he claims has maintained throughout all proceedings in this case. This last statement is somewhat interesting given the fact that Smith pleaded guilty to all charges.

5:03 CV 2253                                                    10

*Pro Se Status not Cause*:

Smith argues that he filed his second post-conviction petition for relief rather than appealing the summary dismissal of his first post-conviction petition because he did not understand that a procedural default would result.  Precedent governing Smith's argument concerning his *pro se* status, however, has resolved this argument unfavorably to him .  See  *Coleman v. Thompson*. See, *Id.*, 501 U. S. at 752-57, 111 S.Ct. 2566-69.

In *Coleman*, petitioner's sole state remedy to raise his claim of ineffective assistance of trial counsel was restricted to Virginia's state habeas corpus procedure.  This is identical to Smith's circumstance.  Ohio recognizes an anachronistic form of habeas corpus under Ohio Rev. Code Chapter 2725, but the modern concept of habeas corpus as a form of collateral review for alleged constitutional infirmities in the conviction exists under Ohio Rev. Code §2953.21 *et seq*.  Thus Ohio's post-conviction relief provisions are its state habeas corpus procedures.  And see *Warner v. U.S.*, 975 F.2d 1207, 1209 (6th Cir. 1997).

Smith, as previously discussed, had no recourse to present his ground  as a matter for direct appeal in Ohio's courts,  where he would be entitled to effective assistance of counsel.  See *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985); *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).  Instead the state procedural mechanisms had corralled his ground of ineffective assistance of trial counsel based on evidence outside the record to a state collateral proceeding.  In *Coleman*, the petitioner sought to make a connection between his situation and a direct appeal where the state is obliged to provide counsel and where the state is responsible

5:03 CV 2253                                                                                                11

for the cost of any resulting default.  *Coleman*, 501 U.S. at 752-55.  The Supreme Court constructed this as a question, "whether Coleman had a constitutional right to counsel on appeal for the state habeas trial court judgment," and answered this question negatively.  *Id.*, 501 U.S. at 755-57.  Pursuant to *Coleman*, Smith had no right to counsel in his state post-conviction proceeding where he raised ineffective assistance of trial counsel, and as a consequence, his lack of awareness of the necessity to timely appeal from denial of his first post-conviction petition was a cost which Smith bore responsibility.  His *pro se* status and the denial of counsel in the state collateral review proceedings could not constitute "cause" to excuse a procedural default since Smith had no right to counsel in these proceedings.

*Actual Innocence - Fundamental Miscarriage of Justice*

In situations where petitioner is unable to show "cause" to excuse a procedural default, the Supreme Court has recognized the escape hatch of fundamental miscarriage of justice involving an individual who is actually innocent.

> In an effort to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," *Schlup*, 513 U.S., at 324, 115 S.Ct. 851, the Court has recognized a miscarriage-of-justice exception. " '[I]n appropriate cases,' " the Court has said, "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration,'" *Carrier, supra*, at 495, 106 S.Ct. 2639 (quoting *Engle, supra*, at 135, 102 S.Ct. 1558).
> *House v. Bell,* - U.S. -, 126 S.Ct. 2064, 2076, 165 L.Ed.2d 1 (2006).

Actual innocence means "factual innocence not mere legal insufficiency."  *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  Smith has not produced new

5:03 CV 2253                                          12

evidence of innocence. See *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). His argument is quibbling over what he perceived to be inconsistencies in the testimony of police officers and some individuals who purportedly would claim that they observed no cocaine. His argument fails to present a fundamental miscarriage of justice. See *House. v. Bell*, 126 S.Ct. at 2076-2077. To succeed Smith would have had to either present "new reliable evidence. . . that was not presented at trial" (*Id.*; *Schlup*, 513 U.S. at 324), or at some demonstration of a fundamentally unjust incarceration, and this would appear to certainly require more than a dispute over credibility. See *House*, at 2077. The arguments presented do not even rise to challenge the sufficiency of the evidence supporting conviction. See *Jackson v. Virginia* , 443 U.S. at 322-24 ( "....the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."). Smith has not shown that his incarceration was fundamentally unjust.

*Respondent's Claim of Deficient Post-Conviction Petition:*

The state appellate court in denying the second post-conviction petition determined Smith's first petition had been dismissed by the trial court due to the failure to support the petition with any evidentiary material. (See Answer, pg. 11, ECF #14; *Smith*, 2003 WL 21101263 ¶6). Respondent relies on that determination as a second basis for procedural default. Smith challenges this argument and the state appellate court's statement pointing out that Ohio Rev. Code §2953.21(A)(1)(a) read and continues to read: "the petitioner *may* file a supporting affidavit and other documentary evidence in support of the claim for relief (emphasis supplied)." See Page's Ohio Rev. Code Vol. 29 (2003 Ed.); and §2953.21 (current version following S.B. 11 (eff. 10/29/03)).

5:03 CV 2253                                                    13

Smith is correct.  First of all, the basis for the dismissal given by the state appellate court was mere *dicta.*  The subject before the state appellate court was the second petition, which was dismissed as an impermissible second or successive petition.  The first petition, though, had been summarily dismissed by the trial court without explanation.  Respondent is reminded that in order for the federal court to recognize the state court's reliance on procedural default, the state court must "clearly and expressly" rely on a state procedural rule as a basis for default.  See *Coleman v. Thompson*, 501 U.S. at 33-35, 111 S.Ct. 2556-57; *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).  Respondent's argument fails because it rests on some afterthought rationale from another decisionmaker.  Smith did not default in the filing of the first state post-conviction petition, but did fail to "fairly present" his federal ground in the state courts, and has not shown cause nor a fundamental miscarriage of justice to excuse this lapse.

## *CONCLUSION AND RECOMMENDATION*

Following review of the petition and applicable law, Smith has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  Further Smith has presented no error resulting in denial of fundamental fairness or cause to hesitate due to

5:03 CV 2253                                                14

the probability of actual innocence.  There has been no demonstrated need for an evidentiary hearing.  It is recommended that Smith's application for habeas corpus be denied.

                                                        s/James S. Gallas                    
                                                     United States Magistrate Judge

Dated:  **January 22, 2007**


        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).